IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02320-CNS-MDB

CHARLES WILLIAM LEDFORD,

    Plaintiff,

v.

MARCIA S. KRIEGER,
MICHAEL J. WATANABE,
JAIME A. PEÑA,
DAVID STEINMAN,
VIRGINIA L. GRADY,
GREG M. FLYNN, and,
CLARISSA L. COATE.

    Defendants.

## ORDER

This order addresses two motions filed by Plaintiff Charles William Ledford. The first is Plaintiff's Response to Court Ruling and Statement of Facts. ECF No. 56. The Court construes this filing as an objection to United States Magistrate Judge Maritza Dominguez Braswell's denials of Plaintiff's Motion to Deny Entry of Appearance. ECF Nos. 49, 54. For the reasons below, the Court overrules Plaintiff's objection and affirms Magistrate Judge Dominguez Braswell's orders.

The second motion is Plaintiff's Request for Clarification from the Court and the Judge. ECF No. 62. As set forth below, the Court denies that motion as moot.

1

## I.   SUMMARY FOR PRO SE PLAINTIFF

You filed this lawsuit on September 5, 2023, asserting claims against seven current and former federal employees. Richard Tegtmeier entered his appearance on behalf of Defendant Virginia Grady, and J. Chris Larson entered his appearance on behalf of the other six Defendants. You objected to Mr. Larson's entry of appearance as improper. This Court referred your motion to Magistrate Judge Dominguez Braswell, who denied your objection. In your objection of her orders denying your motions, you failed to show that her orders were clearly erroneous or contrary to law, as required by the applicable legal standards. Therefore, the Court is overruling your objection and affirming her orders.

You also filed a Request for Clarification from the Court. As explained in more detail below, the Court is denying that motion. The Court will apply the relevant and applicable law to the facts of your case at the appropriate juncture.

## II.   BACKGROUND

Plaintiff, proceeding *pro se*, brought this action against seven current and former federal employees. ECF No. 13 (Am. Compl.). He alleges violations of his Fourth and Fifth Amendment rights stemming from a 2004 criminal case. *Id.* at 1–3, 6–8. In that underlying case, he pleaded guilty to one count of conspiracy to defraud the United States. On June 27, 2005, Judge Marcia S. Krieger sentenced Plaintiff to 24 months in prison and ordered him to make a restitution payment of $506,000. Despite pleading guilty, Plaintiff argued—and continues to argue—that the government arrested the wrong person.

In this civil case, like in his criminal case, Plaintiff alleges that "the defendant and

I were not the same entity and I was not a party to [that] action." *Id.* at 6. He thus brings claims against Judge Krieger and Magistrate Judge Michael J. Watanabe for wrongfully denying him his right to an "Identity Hearing." ECF No. 13 at 1. He also filed suit against his federal defender, prosecutors, and other federal employees involved in his criminal case. *Id.* at 1–2.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides a party the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts must "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt v. Colorado*, No. 22-CV-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023) (quotation marks and citation omitted).

Moreover, because Plaintiff appears *pro se*, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as Plaintiff's advocate, and he is governed by the same procedural rules and requirements of substantive law that govern other litigants. *See Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235–36 (D. Colo. 2012).

3

## IV. ANALYSIS

### A. Plaintiff's Challenge to Defense Counsel's Entry of Appearance

Plaintiff filed an Objection and Motion to Deny Entry of Appearance challenging U.S. Attorney Cole Finegan's entry of appearance. ECF No. 47. Mr. Finegan, however, did not enter his appearance in this matter. While his name appeared on the notice of appearance, Assistant U.S. Attorney J. Chris Larson entered his appearance, not Mr. Finegan. ECF No. 42. Magistrate Judge Dominguez Braswell denied Plaintiff's motion, correctly finding that

> Plaintiff has presented no legal authority demonstrating that it is improper for Cole Finnegan's name to be mentioned in Chris Larson's Entry of Appearance. Rather, Attorney Cole Finegan is the United States Attorney for the District of Colorado. In this role, his name regularly and properly appears in cases where the United States or federal employees are a party. Finally, the Court finds that the entry of appearance was not submitted to mislead the Court, harass Plaintiff, or cause delay. In reviewing Plaintiff's papers, the Court is mindful that he appears *pro se*; therefore, the Court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys. *Smith v. Allbaugh*, 921 F.3d 1261, 1269 (10th Cir. 2019). Nonetheless, Plaintiff's *pro se* status does not entitle him to application of different rules of civil procedure. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018). Thus, the Court reminds Plaintiff that his filings should be warranted and properly supported. *See* Fed. R. Civ. P. 11(b).

ECF No. 49. Plaintiff then filed an Amended Objection and Motion to Deny Entry of Appearance. ECF No. 52. Magistrate Judge Dominguez Braswell denied that motion as

4

well. ECF No. 54.[1] Plaintiff then filed the instant motions. ECF Nos. 56 & 57.[2] Plaintiff's filings appear on the docket as an "Objection/Appeal," but each filing is titled "Response to Court Ruling and Statement of Facts." *Id.*

In his objection, instead of challenging the substance of Magistrate Judge Dominguez Braswell's rulings, he appears to challenge her authority: "Does a Magistrate have any lawful authority to adjudicate in common-law? If so, please provide a copy and cite of their authority." ECF No. 56 at 2.[3] Construing Plaintiff's pleading liberally, the Court assumes that he also seeks a review of Magistrate Judge Dominguez Braswell's orders in addition to certification of her authority to rule on nondispositive motions.

First, as the Court cited in its order referring the case to Magistrate Judge Dominguez Braswell, ECF No. 8, Congress granted Magistrate Judges the authority to issue rulings on nondispotive matters. *See* 28 U.S.C. § 636(b)(1)(A) (a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the court"); Fed. R. Civ. P. 72(a) ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order

---

[1] Magistrate Judge Dominguez Braswell entered the following order: "In this Motion, Plaintiff reiterates his argument that attorney Cole Finegan cannot enter an appearance in this case. The Court already addressed Plaintiff's concern in the recent Minute Order 49 and declines to revisit this matter. *See United States v. Blanco-Ochoa*, 18-cr-546-MSK-GPG, 2020 WL 130455, at *3 (declining to readdress issue the court previously ruled on)." ECF No. 54.

[2] Plaintiff filed two objections, but these filings are identical and thus the Court only addresses ECF No. 56 in this order.

[3] For all future filings, Plaintiff is reminded that the Court will not act as Plaintiff's advocate. *See Dodson*, 878 F. Supp. 2d at 1235–36. It is Plaintiff's responsibility to provide authority that advances Plaintiff's legal position.

stating the decision."); *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015) (acknowledging that "Congress has also authorized the appointment of bankruptcy and magistrate judges, who do not enjoy the protections of Article III, to assist Article III courts in their work."). Plaintiff's challenge to Magistrate Judge Dominguez Braswell's authority is unavailing.

Second, assuming Plaintiff objects to an Assistant U.S. Attorney representing Defendants, that challenge is equally unavailing. Plaintiff states that Defendants are "living men and women sued in their personal capacity and not their official capacity," suggesting that the entry of appearance of attorneys from the U.S. Attorney's Office is improper. ECF No. 56 at 2. He also references the Judiciary Act of 1789 and quotes language stating that parties may plead and manage their own causes of action personally. *Id.* But as Defendants point out, in all types of lawsuits—including those under common law—litigants are entitled to be represented by counsel.

Moreover, when, as here, individual officers of the United States are sued, lawyers from the U.S. Department of Justice may provide representation when the lawsuit pertains to acts or omissions taken pursuant to the Defendants' work as officers of the United States. 28 C.F.R. § 50.15 (providing authority for the Department of Justice to represent both current and former employees of the United States). Therefore, the Department of Justice is authorized to represent the Defendants in this matter.

In sum, Plaintiff fails to show, let alone argue, that Magistrate Judge Dominguez Braswell's orders were clearly erroneous or contrary to law. His objection without merit and thus overruled.

### B.     Request for Clarification from the Court and the Judge

In his Request for Clarification from the Court and the Judge, Plaintiff makes a series of demands to the Court. ECF No. 62 at 1–2. He states that he needs the Court's "SIMPLE and CONCISE answer" to four questions. *Id.* The four questions can be boiled down to one: Will the Court adjudicate this case at common law? *Id.*

The Court denies this request as moot. The Court will apply the relevant and applicable law to the facts of Plaintiff's case at the appropriate time. Indeed, that is the pivotal role of a court. The Court declines Plaintiff's invitation to elaborate on legal issues before they are properly before the Court.

### V.     CONCLUSION

Consistent with the above analysis, the Court makes the following rulings:

- Plaintiff's Response to Court Ruling and Statement of Facts—which this Court construes as an objection to Magistrate Judge Dominguez Braswell's order, ECF No. 56, is OVERRULED;

- Magistrate Judge Dominguez Braswell's orders denying Plaintiff's Motion to Deny Entry of Appearance, ECF Nos. 49 and 54, are AFFIRMED; and

- Plaintiff's Request for Clarification from the Court and the Judge, ECF No. 62, is DENIED.

DATED this 29th day of April 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge