IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23–cv–02320–CNS–MDB

CHARLES WILLIAM LEDFORD,

    Plaintiff,

v.

MARCIA S. KRIEGER,
MICHAEL J. WATANABE,
JAIME A. PENA,
DAVID R. STEINMAN,
VIRGINIA L. GRADY,
CLARISSA L. COATE, and
GREG M. FLYNN,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Maritza Dominguez Braswell**

Before the Court is Defendant Virginia L. Grady's Motion to Dismiss Plaintiff's Complaint. (["Motion to Dismiss"], Doc. No. 37). Plaintiff has responded, and Defendant has replied. (["Response"], Doc. No. 78; ["Reply"], Doc. No. 82.) Having carefully considered the issues, the Court **RECOMMENDS** the Motion be **GRANTED**.

### *PRO SE* SUMMARY

The Court recommends dismissing the claims against Defendant Grady. The ineffective assistance of counsel claims brought under the Fourth and Fifth Amendments, are barred by federal law. Additionally, even if you had brought the ineffective assistance of counsel claim under the Sixth Amendment, the claim would still fail because Defendant Grady's alleged failure

1

to request an identity hearing could not have prejudiced your defense. This is only a high-level summary of this Court's decision and does not contain all the relevant information. The full decision is set forth below, along with details about your right to object to this decision.

## BACKGROUND

In September 2023, Plaintiff filed a Complaint against several Defendants, which he later amended. (Docs. No. 1, 13.) According to Plaintiff, shortly after he was arrested in October 2004, Defendant Grady was appointed as his federal public defender. (*See generally* Doc. No. 13.) Plaintiff contends that during her appointment Defendant Grady: (1) violated his Fourth Amendment; and (2) Fifth Amendment rights by providing ineffective assistance of counsel; and (3) committed fraud. (*Id.* at 2.) In support of his claims, Plaintiff alleges:

- Without Plaintiff's "knowledge or consent[,]" Defendant Grady was assigned as his public defender. (*Id.* at 6, Ex. 1 (affidavit of truth).)

- Defendant Grady's "counsel was both misleading and ineffective[.]" (*Id.* at 2.)

- This is because Defendant Grady "knew, or should have known that [Plaintiff] was protesting that the defendant and [him] were not the same entity and [he] was not a party to this action." (*Id.*)

- Additionally, Defendant Grady "did not raise the identity issue" and did not tell Plaintiff "there was such a Rule 5(c)(3) Identity Hearing requirement" (*Id.* (emphasis omitted)).

- Finally, Defendant Grady also committed fraud because "she was not licensed to practice law in Colorado" when she represented him. (*Id.*)

In the instant Motion, Defendant Grady seeks dismissal of the claims against her, arguing: (1) Plaintiff failed to use the exclusive remedy available to allege ineffective assistance

2

of counsel; (2) the Court lacks subject matter jurisdiction over the state law fraud claim; (3) the statute of limitations bars Plaintiff's Amended Complaint; (4) any section 1983 or *Bivens* claims cannot survive because she did not act under color of law; (5) any section 1983 or *Bivens* claims cannot survive because Plaintiff's conviction has not been invalidated; and (6) Plaintiff's pseudo-legal "sovereign citizen" arguments cannot plausibly state any claim for relief. (Doc. No. 37 at 2.)

## LEGAL STANDARDS

I.  **Motion to Dismiss**

   A.  **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case but a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the complaint's allegations. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). A court lacking jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking[,]" *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (quotation omitted), and the dismissal is without prejudice. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

   B.  **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010).

3

However, the plaintiff bears the burden of presenting a complaint with enough factual details to suggest entitlement to relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). Ultimately, the court evaluates "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

## II.     *Pro Se* Litigants

In applying the above principles, this Court is mindful Plaintiff proceeds *pro se* and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

## I.     **Fourth, Fifth, and Sixth Amendment—Ineffective Assistance of Counsel** [1]

Plaintiff first contends that Defendant Grady violated his constitutional rights by providing ineffective assistance of counsel. (Doc. No. 13 at 2.) Specifically, Plaintiff argues Defendant Grady erred by not requesting an identity hearing and "neglect[ing] [his] statement

---

[1] The Court notes that although Plaintiff appears to allege ineffective assistance of counsel under the Fourth and Fifth Amendment, such claims are generally raised as a Sixth Amendment violation. *See generally Strickland v. Washington*, 466 U.S. 668 (1984). Given this and in light of Plaintiff's *pro se* status, the Court will also address the plausibility of a Sixth Amendment claim. *See Smith*, 921 F.3d at 1268.

4

that the defendant and [him] were not the same entity" and he "was not a party to this action." (*Id.*)

### A.   Fourth and Fifth Amendment

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. Its primary purpose is "'to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials.'" *United States v. Mathews*, 928 F.3d 968, 975 (10th Cir. 2019) (quoting *Camara v. Mun. Ct. of City & Cnty. of S.F.*, 387 U.S. 523, 528 (1967)).

The Fifth Amendment protects against the deprivation of life, liberty, or property without due process of law. U.S. Const. amend. V.

If a person believes their Fourth or Fifth Amendment rights have been violated by a federal official, they may seek relief under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[2] In *Bivens*, the Supreme Court established "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *see also Bivens*, 403 U.S. 388, 397 (1971) (recognizing Fourth Amendment claim); *Davis v. Passman*, 442 U.S. 228, 248-49 (1979) (recognizing a Fifth Amendment claim).

However, whereas here, a *Bivens* action effectively seeks to overturn a conviction, the lawsuit cannot proceed until the related criminal charges have been invalidated. *See Wallin v. Arapahoe County Detention Facility*, 244 Fed. Appx. 214, 218 (10th Cir. 2007) (favorable

---

[2] The Court agrees with Defendant Grady that Plaintiff's suit against her—in her capacity as a federal public defender—falls under *Bivens* rather than section 1983. (*See* Doc. No. 37 at 8.) *See Stanley v. Gallegos*, 852 F.3d 1210, 1211 (10th Cir. 2017) (Section 1983 provides a federal cause of action against any person who, acting under color of *state law*, deprives another of their federal rights.).

5

judgment on ineffective assistance of counsel claim would render a conviction invalid); *Richardson v. Hickenloper* [sic], 2012 WL 833876, at *5 (D. Colo. Feb. 10, 2012) (same). This principle is known as being "*Heck*-barred." *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Susinka v. Trujillo*, 2019 WL 13412422, at *3 (D. Colo. Nov. 6, 2019) (*Heck* rule applies to *Bivens* actions).[3] In other words, unless Plaintiff's conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ—Plaintiff's Fourth and Fifth Amendment claims under *Bivens* are barred. *See Susinka*, 2019 WL 13412422, at *3.

Here, Plaintiff does not allege, and the record does not indicate, that either the conviction or sentence from the 2004 criminal proceeding has been overturned. *See United States v. Charles W. Ledford*, Case No. 04-cr-00419-MK (D. Colo. 2004) (Doc. No. 181, denying 28 U.S.C. § 2255 challenge to sentence).[4] Thus, Plaintiff's Fourth and Fifth Amendment claims are barred. *See Wallin*, 244 Fed. Appx. at 218; *see also Wingo v. Mullins*, 400 F. App'x 344, 347 (10th Cir. 2010) (plaintiff "cannot pursue relief under either § 1983 or *Bivens* until his conviction and revocation are reversed or set aside").

Additionally, a prerequisite to any relief under *Bivens* is that the defendant be a federal officer. *Bivens*, 403 U.S. at 395. Here, Plaintiff alleges Defendant Grady served as his federal

---

[3] In at least one instance, a court in this district has held that "[c]laims of ineffective assistance of counsel should be brought either on direct appeal in the criminal case or on habeas corpus review." *Guinn v. Unknown Lakewood Police Officers*, 2010 WL 4740326, at *8 (D. Colo. Sept. 30, 2010). However, because the Tenth Circuit has not directly addressed whether plaintiffs are barred from bringing ineffective assistance of counsel claims under *Bivens*, and considering Plaintiff's unrepresented status, the Court will review Plaintiff's claims under *Bivens*.

[4] Because the criminal proceeding is relevant to this case and a publicly available record, the Court takes judicial notice of it. *See Hodgson v. Farmington City*, 675 F. App'x 838, 840-41 (10th Cir. 2017).

public defender during various stages of his criminal case. (*See* Doc. No. 13 at 2 (alleging Defendant Grady was "assigned as [his] public defender.")). However, "[p]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of *Bivens*." *Allred v. McCaughey*, 257 F. App'x 91, 93 (10th Cir. 2007) (quotation omitted). Therefore, Plaintiff has no plausible basis for a *Bivens* claim against Defendant Grady.

And finally, Plaintiff's claims are untimely. According to the Amended Complaint, Defendant Grady represented Plaintiff during 2004 and 2005. (Doc. No. 13 at 1.) *See generally United States v. Charles W. Ledford*, Case No. 04-cr-00419-MK (D. Colo. 2004). Plaintiff brought this action in 2023, nearly twenty years later. (Doc. No. 1.) But the statute of limitation for a *Bivens* claim arising in Colorado is two years. *Williams v. Garcia*, 2015 WL 1740555, at *1 n.1 (D. Colo. Apr. 14, 2015). Therefore, even if Plaintiff had an otherwise cognizable *Bivens* claim against Defendant Grady, any such claim is barred by the statute of limitations.

### B.     Sixth Amendment

A defendant in a criminal case has a Sixth Amendment right to effective legal representation. *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984). Under *Strickland*, to establish that counsel was ineffective, a plaintiff must demonstrate: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance resulted in prejudice to his defense. *Id.* at 687. If a plaintiff fails to satisfy either prong of the *Strickland* test, a court must dismiss the ineffective assistance of counsel claim. *Id.* at 697.

Here, Plaintiff bases his ineffective assistance of counsel claim on Defendant Grady's decision not to request a 5(c)(3) identity hearing. Under Federal Rule of Criminal Procedure 5, identity hearings are required when "the initial appearance occurs in a district *other than* where the offense was allegedly committed[.]" Fed. R. Crim. P. 5(c)(3) (emphasis added); *see generally*

7

*United States v. Lopez-Burgos*, 2023 WL 8851751, at *1 (D. Colo. Dec. 12, 2023). Specifically, if a defendant contends he is not the same person named in the complaint, the court must conduct an identity hearing. *Id.* "The sole purpose of this hearing is to determine whether the person arrested is the person wanted in the other district. It is not a merits hearing." *Id.* (quotation omitted).

However, here, the pleadings show—and Plaintiff does not appear to dispute—that the 2004 offenses were allegedly committed and charged in Colorado. (Doc. No. 13 at 6, Ex. 1, (in affidavit of truth, Plaintiff notes he is "a citizen of Colorado" and that the criminal proceeding occurred "within the United States District Court for the District of Colorado").) Thus, an identity hearing was not necessary. It follows, then, that Defendant Grady's decision not to request an identity hearing was not deficient and could not have prejudiced Plaintiff's defense. *See Strickland*, 466 U.S. at 691-92. Plaintiff, therefore, has not alleged sufficient facts to establish there was "a reasonable probability" that "the result of the proceeding would have been different" had Defendant Grady requested an identity hearing. *Strickland*, 466 U.S. at 694; *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("likelihood of a different result must be substantial, not just conceivable").

**II.    Fraud**

The Court next considers Plaintiff's claim that Defendant Grady committed fraud because she was not a licensed attorney in Colorado when she represented him. (Doc. No. 13 at 2.)

As a threshold matter, the Court finds the subject matter jurisdictional prerequisites for this claim are not satisfied. *See* 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1332 (diversity of citizenship); 28 U.S.C. § 1367 (supplemental jurisdiction). As to diversity jurisdiction, even

8

assuming the amount in controversy exceeds $75,000, the diversity of citizenship requirement is not met because both Plaintiff and Defendant Grady are domiciled in Colorado. (*See* Doc. No. 14 at 5, Ex. 1, (in affidavit of truth, Plaintiff stating he is a "citizen of Colorado"); Doc. No. 36 (Defendant Grady admitting she is a resident of Colorado). *See* 28 U.S.C. § 1332(a). Federal question jurisdiction is also inapplicable because the fraud claim arises under state law. *See Mehio v. Sonntag*, 463 F. App'x 804, 805 (10th Cir. 2012) ("common law fraud claim . . . does not establish federal question jurisdiction because it does not 'aris[e] under the Constitution, laws, or treaties of the United States.'") (quoting 28 U.S.C. § 1331). Finally, the Court finds no compelling reason to exercise supplemental jurisdiction over the state-law claim. The Court is recommending dismissal of Plaintiff's other claims, and this claim does not present a novel or complex issue of law requiring federal court intervention. *See* 28 U.S.C. § 1367(c) (court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction").

The Court's analysis could end there. However, the Court also concludes that, even if subject matter jurisdiction were proper, Plaintiff fails to plead a viable fraud claim.

To establish a claim for fraudulent misrepresentation, a plaintiff must show: (1) defendant made a fraudulent misrepresentation of fact or knowingly failed to disclose a fact that defendant had a duty to disclose; (2) the fact was material; (3) plaintiff relied on the misrepresentation or failure to disclose; (4) plaintiff's reliance was justified; and (5) damages. *Dean v. Wright Med. Tech., Inc.*, 593 F. Supp. 3d 1086, 1096 (D. Colo. 2022). Moreover, in any pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b). A complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the

9

consequences thereof." *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (quotation omitted).

Here, Plaintiff's Amended Complaint lacks specific factual allegations explaining the context of the alleged fraudulent actions. At a minimum, Rule 9(b) requires that plaintiffs set forth the "what, when, where, and how" of the alleged fraud. *Dean*, 593 F. Supp. 3d at 1096. But—even when generously interpreting his allegations—Plaintiff offers only vague assertions that Defendant was not licensed to practice law in Colorado and "mere conclusory statements, do not suffice." *Bixler*, 596 F.3d at 756. Aside from vaguely arguing that Defendant Grady was not licensed to practice law in Colorado, there is no clear timeline or details of Defendant Grady's allegedly fraudulent actions. Indeed, the allegations make no connection between Defendant Grady's actions and the elements of fraud. *See Dean*, 593 F. Supp. 3d at 1096. In short, Plaintiff's bare allegations that Defendant Grady was unlicensed, without more, do not suffice to survive dismissal.

Accordingly, the Court recommends granting dismissal of all claims against Defendant Grady and, for efficiency, will not address Defendant's alternative arguments. (Doc. No. 37 at 12.) *See, e.g.*, *Morales v. L. Firm of Michael W. McDivitt, P.C.*, 641 F. Supp. 3d 1035, 1040 n.1 (D. Colo. 2022) (declining to address alternate grounds for dismissal in motion to dismiss).

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS**:

(1) Defendant Grady's Motion to Dismiss be **GRANTED**;

(2) Plaintiff's claims against Defendant Grady be **DISMISSED** with prejudice.[5]

---

[5] Although dismissal of a *pro se* claim under Rule 12 is ordinarily denied without prejudice, *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010), the Court has discretion to dismiss a *pro se* plaintiff's complaint with prejudice where "amendment would be futile[.]"*Avery v. Wade*, No. 22-4093, 2022 WL 17544077 at *1 (10th Cir. Dec. 9, 2022). Here, Plaintiff already had the opportunity

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *U.S. v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. U.S.*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's

---

to amend and given the concerns regarding procedural bars and subject matter jurisdiction—the Court believes any further amendment would be futile. (Docs. No. 1, 13.)

ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated: August 8, 2024.

BY THE COURT:

_____
Maritza Dominguez Braswell
United States Magistrate Judge

12