IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02320-CNS-MDB

CHARLES WILLIAM LEDFORD,

    Plaintiff,

v.

MARCIA S. KRIEGER,
MICHAEL J. WATANABE,
JAIME A. PEÑA,
DAVID STEINMAN,
VIRGINIA L. GRADY,
GREG M. FLYNN, and,
CLARISSA L. COATE.

    Defendants.

## ORDER

Before the Court is United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to grant Virginia L. Grady's motion to dismiss. ECF No. 93 (Recommendation); ECF No. 37 (Defendant Virginia L. Grady's Motion to Dismiss Plaintiff's Complaint). No party objected to Magistrate Judge Dominguez Braswell's Recommendation. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation as an order of this Court and GRANTS Ms. Grady's motion to dismiss.

1

## I. SUMMARY FOR PRO SE PLAINTIFF

Magistrate Judge Dominguez Braswell recommends that this Court dismiss the claims you filed against Ms. Grady. She determined that your ineffective assistance of counsel claims brought under the Fourth and Fifth Amendments are barred by federal law. She further determined that, even if you had brought the ineffective assistance of counsel claim under the Sixth Amendment, your claim would still fail because Ms. Grady's alleged failure to request an identity hearing could not have prejudiced your defense.

At the end of her Recommendation, Magistrate Judge Dominguez Braswell advised that you had 14 days after service of the Recommendation to file a written objection. You did not file an objection or otherwise respond within that window. As explained in more detail below, the Court has reviewed the Recommendation and has determined that it is correct. Therefore, your claims against Ms. Grady are dismissed with prejudice, which means that you are not allowed to refile these claims. *See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. Apr. 5, 2018) (unpublished) (a "dismissal with prejudice means the plaintiff cannot return to federal court with the same claims" (citing *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004))).

## II. BACKGROUND

Plaintiff, proceeding pro se, brought this action against seven Defendants stemming from a 2004 criminal case. ECF No. 13 (Am. Compl.) at 1–3, 6–8. In that underlying case, he pleaded guilty to one count of conspiracy to defraud the United States. On June 27, 2005, Judge Marcia S. Krieger sentenced Plaintiff to 24 months in

prison and ordered him to make a restitution payment of $506,000.00. Despite pleading guilty, Plaintiff argued—and continues to argue—that the government arrested the wrong person.

In this civil case, like in his criminal case, Plaintiff alleges that "the defendant and I were not the same entity and I was not a party to [that] action." *Id.* at 6. He thus brings claims against Judge Krieger and Magistrate Judge Michael J. Watanabe for wrongfully denying him his right to an "Identity Hearing." ECF No. 13 at 1. He also filed suit against his federal defender, prosecutors, and other federal employees involved in his criminal case. *Id.* at 1–2. Before the Court is a motion to dismiss by Ms. Grady—his federal defender in his criminal case.

### III.   LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Moreover, because Plaintiff appears pro se, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as Plaintiff's advocate, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and the Court holds Plaintiff to the same procedural rules and requirements of substantive law that govern other litigants. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

## IV.   ANALYSIS & CONCLUSION

When—as is the case here—a party does not object to the Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* The Court has reviewed Magistrate Judge Dominguez Braswell's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 93, as an order of this Court. Ms. Grady's motion to dismiss, ECF No. 37, is GRANTED.

DATED this 27th day of August 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge