IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 23-cv-02320-CNS-MDB

CHARLES WILLIAM LEDFORD,

     Plaintiff,

v.

MARCIA S. KRIEGER,
MICHAEL J. WATANABE,
JAIME A. PEÑA,
DAVID STEINMAN,
GREG M. FLYNN, and,
CLARISSA L. COATE.

     Defendants.

---

## ORDER

---

     Before the Court is United States Magistrate Judge Maritza Dominguez Braswell's Recommendation to grant the Federal Defendants' motion to dismiss.[1] ECF No. 95 (Recommendation); ECF No. 65 (motion to dismiss). Plaintiff did not object to Magistrate Judge Dominguez Braswell's Recommendation. For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation as an order of this Court and GRANTS the Federal Defendants' motion to dismiss.

---

[1] The Federal Defendants are the Honorable Marcia S. Krieger, the Honorable Michael J. Watanabe, Jaime A. Peña, David R. Steinman, Clarissa L. Coate, and Greg M. Flynn. The Court previously dismissed Plaintiff's claims against Defendant Virginia L. Grady. See ECF No. 94.

## I.  SUMMARY FOR *PRO SE* PLAINTIFF

Magistrate Judge Dominguez Braswell recommends that this Court dismiss the claims you filed against Judges Krieger and Watanabe because those claims are barred by absolute judicial immunity. Similarly, she recommends dismissing your claims against Defendants Peña and Steinman on the basis of prosecutorial immunity. Finally, she determined that your criminal conviction and sentence must be overturned or otherwise invalidated before you can challenge the underlying actions leading to the conviction. Because neither your conviction nor your sentence has been overturned, the claims against Defendants Coate and Flynn are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

At the end of her Recommendation, Magistrate Judge Dominguez Braswell advised that you had 14 days after service of the Recommendation to file a written objection. You did not file an objection or otherwise respond within that window. The Court has reviewed the Recommendation and has determined that it is correct.

As explained in more detail below, your claims against Judges Krieger and Watanabe and federal prosecutors Peña and Steinman are dismissed with prejudice, which means that you are not allowed to refile these claims. *See Charles v. Hackford*, No. 18-4024, 2018 WL 4006938, at *1 (10th Cir. Apr. 5, 2018) (unpublished) (a "dismissal with prejudice means the plaintiff cannot return to federal court with the same claims" (citing *Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004))). However, your claims against Defendants Coate and Flynn are dismissed without prejudice, which means that you may refile your claims in the appropriate tribunal, if you

can satisfy the procedural and jurisdictional requirements. *See Crowe v. Servin*, 723 F. App'x 595, 598 (10th Cir. 2018) ("A dismissal without prejudice just means that the plaintiff isn't barred from refiling the lawsuit within the applicable limitations period." (citations and quotations omitted)).

## II.    BACKGROUND

Plaintiff, proceeding *pro se*, brought this action against seven Defendants stemming from a 2004 criminal case. ECF No. 13 (Am. Compl.) at 1–3, 6–8. In that underlying case, he pleaded guilty to one count of conspiracy to defraud the United States. On June 27, 2005, Judge Marcia S. Krieger sentenced Plaintiff to 24 months in prison and ordered him to make a restitution payment of $506,000.00. Despite pleading guilty, Plaintiff argued—and continues to argue—that the government arrested the wrong person.

In this civil case, like in his criminal case, Plaintiff alleges that "the defendant and I were not the same entity and I was not a party to [that] action." *Id.* at 6. He thus brings claims against Judge Krieger and Magistrate Judge Michael J. Watanabe for wrongfully denying him his right to an "Identity Hearing." ECF No. 13 at 1. He also filed suit against his federal defender (Defendant Grady), prosecutors (Defendants Peña and Steinman), and other federal employees (Defendants Coate and Flynn, who executed an arrest warrant on Plaintiff) involved in his criminal case. *Id.* at 1–2. Before the Court is the Federal Defendants' motion to dismiss. ECF No. 65.

3

### III.    LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St*., 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues— factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Moreover, because Plaintiff appears *pro se*, the Court liberally construes his filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018). However, the Court will not act as Plaintiff's advocate, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and the Court holds Plaintiff to the same procedural rules and requirements of substantive law that govern other litigants. *Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

### IV.    ANALYSIS & CONCLUSION

When—as is the case here—a party does not object to the Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991)

(citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* The Court has reviewed Magistrate Judge Dominguez Braswell's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

The Court thus makes the following rulings. The claims against Judges Krieger and Watanabe are dismissed with prejudice under the doctrine of absolute judicial immunity. *See Calvert v. Safranek*, 209 F. App'x 816, 820 (10th Cir. 2006) ("Judges have absolute immunity from suits for monetary damages for their judicial acts, including sentencing. *See Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Mr. Calvert's claim against Judge Brinkley *must be dismissed with prejudice*." (emphasis added)).[2]

The claims against Defendants Peña and Steinman are dismissed with prejudice under the doctrine of prosecutorial immunity. *Calvert*, 209 F. App'x at 819 (dismissing "claims in full and with prejudice" because a "criminal prosecutor enjoys absolute immunity from damages under section 1983").[3]

---

[2] *See also Rawson v. Sumner Cnty. Dist. Ct.*, No. 24-2101-JWB-BGS, 2024 WL 3742774, at *4 (D. Kan. Apr. 29, 2024) ("Defendant Wood is entitled to absolute judicial immunity and the claims against him should be dismissed with prejudice" (citing *Calvert*, 209 F. App'x at 820)); *Czajkowski v. Karn*, No. 23-CV-02924-LTB-SBP, 2024 WL 2794210, at *1 (D. Colo. Mar. 21, 2024) (dismissing with prejudice claims against judge based on absolute judicial immunity).

[3] *See also Saxena v. Jackson*, No. 1:23-CV-00213-DDD-SBP, 2024 WL 687034, at *10 (D. Colo. Jan. 16, 2024) ("The individual DA Defendants have established that the conduct that Plaintiff challenges here is shielded by absolute prosecutorial immunity and that the claims against them are subject to dismissal for this reason. If Judge Domenico dismisses the claims on this basis, such a dismissal is with prejudice. *See Calvert*, 209 F. App'x at 819."), *report and recommendation adopted*, No. 1:23-CV-00213-DDD-SBP, 2024 WL 1831080 (D. Colo. Feb. 14, 2024); *Carrier v. Lundstedt*, No. 13-CV-02933-PAB-CBS, 2014 WL 8103198, at *11 (D. Colo. Dec. 22, 2014) ("All claims against Defendants Fitch and Bryant pursuant to § 1983 in their individual capacities be dismissed with prejudice based on prosecutorial immunity."), *report and recommendation adopted*, No. 13-CV-02933-PAB-CBS, 2015 WL 1041835 (D. Colo. Mar. 4, 2015); *but*

The claims against Defendants Coate and Flynn are dismissed without prejudice under *Heck*. *See Higgins v. City of Tulsa, Oklahoma*, 103 F. App'x 648, 651–52 (10th Cir. 2004) ("[W]hen a § 1983 claim is dismissed under *Heck,* the dismissal is *without* prejudice.").[4]

Accordingly, the Court AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 95, as an order of this Court. The Federal Defendants' motion to dismiss, ECF No. 65, is GRANTED. The Clerk of Court is directed to close this case.

DATED this 10th day of March 2025.

BY THE COURT:

Charlotte N. Sweeney
United States District Judge

---

*see Turnbough v. Wantland*, 676 F. App'x 811, 814 (10th Cir. 2017) (declining to address whether district court erred in dismissing claims with prejudice under the doctrines of prosecutorial immunity and the state-actor doctrine).

[4] *Davison v. Smith*, No. CIV-24-0483-HE, 2024 WL 4829728, at *1 (W.D. Okla. Nov. 19, 2024) (dismissing with prejudice claims based upon absolute immunity, but dismissing without prejudice claims as barred by *Heck*); *Springer v. Shern*, No. 11-CV-369-GKF-PJC, 2011 WL 2971172, at *3 (N.D. Okla. July 20, 2011) ("[T]he Court finds that Plaintiff's claims challenging actions giving rise to his criminal convictions shall be dismissed without prejudice pursuant to *Heck v. Humphrey,* 512 U.S. 477 (1984).").